UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| OLUFUNMILAYO A. AMOBI, ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-01561 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| ARIZONA BOARD OF REGENTS, ) *et al.*, | Re: Motion at Docket 13] |
| ) | |
| Defendants. ) | |

## I.  MOTION PRESENTED

At docket 13, defendants Arizona Board of Regents, Michael Crow, Mark Searle, Elizabeth Capaldi, and Mari Koerner move to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  At docket 18, plaintiff Olufunmilayo Amobi opposes the motion.  Defendants reply at docket 20.  Oral argument was requested, but it would not assist the court.

---

[1] Defendants Arizona Board of Regents, Michael Crow and Mark Searle originally filed the motion to dismiss.  Defendants Elizabeth Capaldi and Mari Koerner, who are represented by the same counsel as the other defendants, participated in the reply after they were named as defendants in plaintiff's amended complaint.  Defendants' reply brief addresses plaintiff's amended complaint.

## II.  BACKGROUND[2]

Olufunmilayo Amobi, an African-American female from Nigeria, was employed by Arizona State University ("ASU") under the supervision of the Arizona Board of Regents ("ABOR").  In 2001, Amobi began her employment at ASU as an assistant professor of secondary education at the College of Teacher Education and Leadership ("CTEL") at ASU's West Campus.  Amobi's probationary period as a tenure track assistant professor "spanned six years with two benchmark reviews prior to the culminating review for promotion and tenure in the sixth year."[3]

In September 2002, Amobi submitted her second-year portfolio for review, after which the Dean of CTEL issued the following summary: "Dr. Amobi's record in teaching, scholarship and service is quite solid for a second year review."[4]  In September 2004, Amobi submitted her portfolio for her fourth year review, after which Amobi was awarded a regular contract for the 2005-2006 academic year and received "congratulations on her progress toward tenure."[5]

In August 2006, Amobi submitted her final portfolio for review.  The promotion and tenure review process spanned from September 2006 to May 2007.  Sometime prior to May 7, 2007, Michael Crow, the President of ASU, "wrongfully injected himself into [] Amobi's promotion and tenure review process and by so doing contaminated the

---

[2]For purposes of this Rule 12(b)(6) motion, the factual allegations in plaintiff's amended complaint are taken as true and construed in the light most favorable to plaintiff.

[3]Doc. 19 at p. 4.

[4]*Id.*

[5]*Id.* at p. 5.

process."[6]  During the first week of May 2007, Dean Mari Koerner informed Amobi that she had been denied promotion and tenure and gave her a letter from President Crow dated May 7, 2007, in which Crow, in consultation with Mark Searle, Vice President for Academic Personnel, and Elizabeth Capaldi, ASU Provost, denied Amobi's application for promotion and tenure.  Amobi alleges that she was "fully qualified for promotion and tenure as evidenced by the approval of her application for promotion and tenure by her deans, department heads and all the committees that approved it."[7]  Amobi further alleges that she was denied tenure and promotion in May 2007 because of her race or national origin.[8]

President Crow extended Amobi's probationary period from 2007 to 2009 to bring Amobi's scholarly productivity up to President Crow's new standard of production, which required Amobi to publish or have accepted for publication two manuscripts and submit two other articles for publication in scholarly journals within the two-year extension.  The new publication standard was more stringent that the 2006 publication standard approved by ASU.

Since 2007, Dean Koerner has disparaged Amobi's work as a scholar and teacher and attempted to persuade her to resign her tenure track assistant professor position.  In November 2009, Koerner reprimanded Amobi without cause, falsely accusing her of cancelling a class in violation of ABOR's policy.  Similarly situated "non-

---

[6] *Id.*

[7] *Id.* at p. 7.

[8] *Id.* at p. 8.

African American" professors have not been reprimanded for similar conduct. Koerner also falsely accused Amobi of "irregularities in publishing manuscripts."[9]

Amobi alleges that since May 2007, ABOR has subjected her to a "subjectively and objectively hostile working environment because of her race or national origin."[10] President Crow instructed Vice President Searle, Provost Capaldi, and Dean Koerner to harass Amobi, create a hostile work environment for her, and devise a plan for terminating her employment at ASU, and Searle, Capaldi, and Koerner complied.

In May 2009, Amobi was offered a promotion to Clinical Associate Professor for a two-year term. To accept the offer, she was required to resign her tenure track assistant professor position. Amobi, who declined the promotion "offer," is "aware that no other non-Black counterpart has ever been similarly required to resign a tenure track position for a temporary position."[11]

Since 2008, at least three of Amobi's African-American colleagues have been discharged from ASU, West Campus. "In the Division of Teacher Preparation, one similarly situated faculty member, [a] non-African American was tenured in 2008, and in 2010, five similarly situated faculty members, all non-African-Americans, were granted promotion and tenure."[12] Amobi alleges that ASU has a policy and practice of denying tenure and promotion to black professors of African descent.

---

[9] *Id.*

[10] *Id.*

[11] Doc. 14-1 at p. 2.

[12] Doc. 19 at p. 9.

Amobi filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC Charge") on February 10, 2010, and received a right-to-sue letter on June 28, 2010.  On July 23, 2010, Amobi filed a complaint against defendants ABOR, Crow, and Searle.  By order dated January 5, 2011, the court granted Amobi's motion for leave to file an amended complaint.  Amobi's amended complaint alleges claims of race and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against defendant ABOR, and discrimination claims under 42 U.S.C. §§ 1981 and 1983 against defendants Crow, Capaldi, Koerner, and Searle.  Plaintiff's amended complaint also requests an injunction prohibiting and restraining ABOR and its agents from further discrimination and retaliation against her.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[13]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[14]  In reviewing a Rule 12(b)(6) motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[15]  Conclusory allegations of law are not entitled to an assumption of truth.[16]

---

[13] *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[14] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[15] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[16] *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

To avoid dismissal under Rule 12(b)(6), a plaintiff must aver in his or her complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  In sum, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[19]

## IV.  DISCUSSION

Defendants move to dismiss plaintiff's amended complaint under Rule 12(b)(6) on the grounds that if fails to state any claims upon which relief may be granted. Plaintiff opposes the motion, arguing that her first amended complaint is "legally sufficient under pre-*Twombly* authorities as well as *Twombly* and *Iqbal*."[20]  The court considers each of plaintiff's claims below.

**Title VII Discrimination Claim**

Plaintiff's first cause of action alleges that "ABOR violated the prohibitions against discrimination based on race and national origin as set forth in Title VII."[21] Defendants move to dismiss plaintiff's Title VII discrimination claim against ABOR on

---

[17] *Al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[18] *Iqbal*, 129 S.Ct. at 1949.

[19] *Moss*, 572 F.3d at 969.

[20] Doc. 18 at p. 2.

[21] Doc. 19 at p. 9.

the grounds that plaintiff did not timely exhaust her remedies with the EEOC, and plaintiff's amended complaint does not contain sufficient factual content to plausibly suggest any entitlement to relief under Title VII.

Title VII prohibits employers from discriminating against an individual based on race, sex, religion, and national origin.[22]  "A person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if, as here, the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice."[23] While plaintiff's amended complaint alleges that she was denied tenure and promotion in May 2007, plaintiff did not file her EEOC Charge until February 2010.  Plaintiff concedes that her Title VII claims based on the May 2007 denial of promotion and tenure decisions are thus time barred.  Accordingly, plaintiff's Title VII claim against ABOR based on her denial of tenure and promotion in May 2007 are dismissed.

Plaintiff argues, however, that in May 2009 she was offered a promotion "on discriminatory terms," and that since rejecting the promotion she has been subjected to unwarranted disciplinary action and her chances for being promoted have been reduced.  Plaintiff contends that these allegations, which are set forth in the EEOC Charge, fall within Title VII's 300 day filing period and should not be dismissed. Defendants contend that plaintiff should not be permitted to rely on the above allegations because they were not included in her amended complaint and the EEOC

---

[22]42 U.S.C. § 2000e-2(a)(1) (2003).

[23]*Surrell v. California Water Service Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(e)(1)).

Charge was not attached nor incorporated by reference into her amended complaint. On a motion to dismiss, the court "may consider materials incorporated into the complaint or matters of public record" without converting the motion into a motion for summary judgment.[24] Although the amended complaint does not explicitly refer to the EEOC Charge, and the EEOC Charge was not attached to the amended complaint, defendants attached a copy of the EEOC Charge to their motion to dismiss, and relied on the Charge to support their argument that claims based on plaintiff's May 2007 tenure and promotion denial are time barred. Consequently, the court will consider the allegations contained in the EEOC Charge in determining whether plaintiff has stated a claim for discrimination upon which relief may be granted.

To state a claim for disparate treatment under Title VII in the academic context, plaintiff must plead facts showing that 1) she belongs to a protected class, 2) she was qualified for the position or rank sought, 3) she was denied promotion or tenure, and 4) others with similar qualifications who are not in her protected class were promoted or granted tenure.[25] Plaintiff's EEOC Charge alleges that in May 2009, she was offered a promotion to a two-year term Clinical Associate Professor position, but to accept the offer she would have been required to resign her tenure track Assistant Professor position. Plaintiff further asserts that "no other non-Black counterpart has ever been similarly required to resign a tenure track position for a temporary position."[26]

---

[24] *Coto Settlement v. Eisenber*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[25] *Lynn v. Regents of University of California*, 656 F.2d 1337, 1341 (9th Cir. 1991).

[26] Doc. 14-1 at p. 2.

Plaintiff's allegations concerning the May 2009 promotion offer are insufficient to state a claim upon which relief may be granted. While plaintiff met her burden of alleging facts to show that she is a protected class member and was denied tenure, plaintiff fails to allege sufficient facts to show that she was qualified for a tenured position in 2009 and that other "non-Black" colleagues with similar qualifications were granted tenure. Plaintiff's allegation that she was and is fully qualified for promotion and tenure is conclusory and not entitled to be assumed true.[27] Moreover, plaintiff's amended complaint alleges that when she was denied tenure in 2007, she was given a two-year probationary period in which to publish two manuscripts and submit two additional manuscripts for publication. The amended complaint does not allege that plaintiff met the requirements of her probationary period. Rather, the complaint alleges that the requirements were "insurmountable" and set plaintiff up for failure. The amended complaint also does not allege that others with similar qualifications were held to less stringent standards. For the above reasons, plaintiff's amended complaint fails to state a disparate treatment claim against ABOR upon which relief may be granted.

In her opposition brief, plaintiff asserts that her amended complaint also sets forth a hostile work environment claim against ABOR under Title VII. To state a prima facie hostile work environment claim, plaintiff must allege facts showing that "(1) the defendants subjected her to verbal or physical conduct based on her race; (2) the

---

[27] *Moss*, 572 F.3d at 969.

conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment."[28]

Plaintiff's amended complaint alleges that President Crow instructed Vice President Searle, Provost Capaldi, and Dean Koerner to harass plaintiff and create a hostile work environment for her, and Searle, Capaldi, and Koerner complied. The amended complaint further alleges that since 2007, ABOR has subjected plaintiff to a hostile working environment because of her race or national origin. Plaintiff's allegations that defendants subjected her to a hostile working environment because of her race or national origin are legal conclusions and are not entitled to the assumption of truth. The only factual allegations in support of plaintiff's hostile work environment claim are that Koerner disparaged plaintiff's work, reprimanded her without cause, and falsely accused her of cancelling a class and of publishing irregularities. None of the factual allegations allege that defendants made comments based on plaintiff's race; rather, defendant Koerner's comments were related to plaintiff's performance.[29] In addition, the alleged comments and conduct were not sufficiently severe or pervasive to sustain a hostile work environment claim. For the above reasons, plaintiff has failed to allege sufficient facts to support a hostile working environment claim.

**Title VII Retaliation Claim**

Plaintiff's second cause of action alleges that "ABOR violated [] Amobi's right to be free from retaliation for making complaints about discrimination based on race or

---

[28] *Surrell*, 518 F.3d at 1108.

[29] *Id.*

national origin in violation of Title VII."[30]  "An employer violates Title VII by retaliating against an employee who has 'opposed any practice made an unlawful employment practice' under Title VII."[31]  To state a prima facie claim of retaliation, plaintiff must allege facts showing that (1) she engaged in a protected activity, 2) her employer subjected her to an adverse employment action, and 3) there was a causal link between the protected activity and the employer's action.[32]

Plaintiff's amended complaint does not allege any factual content to support her conclusory allegation that ABOR violated her right to be free from retaliation.  To the contrary, there is no allegation in the amended complaint that plaintiff ever complained to any of the defendants that she was being discriminated against based on her race or national origin.  Rather, it appears that plaintiff first engaged in a protected activity when she filed her EEOC Charge in 2010.  Plaintiff's amended complaint does not allege that her employer subjected her to an adverse employment action after she filed her EEOC Charge.  Plaintiff's amended complaint also fails to allege a causal link between her protected activity and any adverse employment action.  Accordingly, plaintiff's amended complaint fails to state a claim for retaliation upon which relief may be granted.

**Claims under 42 U.S.C. § 1981**

Plaintiff's third cause of action alleges that defendants Crow, Capaldi, Searle, and Koerner intentionally or recklessly discriminated against her on the basis of her

---

[30]Doc. 19 at p. 9.

[31]*Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411 (9th Cir. 1987) (quoting 42 U.S.C. § 2000e-3(a)).

[32]*Surrell*, 518 F.3d at 1108.

race in violation of 42 U.S.C. § 1981. Section 1981, which provides that all persons "shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens," is limited to claims of intentional discrimination based on race.[33] The term "make and enforce contracts" is defined to include "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[34] To state a claim for relief under § 1981, plaintiff must plead that each defendant "acted with discriminatory purpose."[35] Plaintiffs amended complaint fails to state a claim under § 1981 against any of the individually named defendants because it fails to allege any facts plausibly suggesting that each defendant acted with discriminatory purpose. Because plaintiff has failed to state a claim under § 1981 upon which relief may be granted, the court need not address the parties' arguments concerning which statute of limitations applies to plaintiffs' alleged claims under § 1981.

**Claims under 42 U.S.C. § 1983**

Finally, plaintiff's fourth cause of action alleges that defendants Crow, Capaldi, Searle, and Koerner "acting under color of law, by their acts, as set forth above, intentionally and recklessly deprived her of rights and privileges secured to her by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983."[36] Defendants move to dismiss plaintiff's § 1983 claims on the grounds that 1) plaintiff's

---

[33] *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 536 (9th Cir. 1982) (quoting 42 U.S.C. § 1981(a).

[34] 42 U.S.C. § 1981(b).

[35] *Gay*, 694 F.2d at 536; *Iqbal*, 129 S.Ct. at 1948.

[36] Doc. 19 at p. 10.

amended complaint fails to allege facts plausibly suggesting that each defendant acted with discriminatory purpose, and 2) plaintiff's § 1983 claims based on the denial of tenure in May 2007 are time barred. Plaintiff concedes that Arizona's two-year statue of limitations applies to her § 1983 claims and does not contest defendants' motion to dismiss her § 1983 claim insofar as it is based on her denial of tenure in May 2007.

To state a claim for intentional discrimination under § 1983, plaintiff must plead that each defendant "acted with discriminatory purpose."[37] As to claims based on plaintiff's May 2009 conditional promotion offer, plaintiff's amended complaint does not contain "any factual allegation sufficient to plausibly suggest" each defendant's discriminatory state of mind.[38] Consequently, plaintiff has failed to state a claim for discrimination under § 1983 upon which relief may be granted.

## V.  CONCLUSION

For the reasons set out above, defendants' motion to dismiss at docket 13 is **GRANTED**, and plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

DATED this 27th day of January 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[37] *Gay*, 694 F.2d at 536; *Iqbal*, 129 S.Ct. at 1948.

[38] *Iqbal*, 129 S.Ct. at 1952.